Roy H. Wepner
908.518.6306
RWepner@ldlkm.com

July 7, 2014

**Document Electronically Filed**

The Honorable Daniel E. O'Toole
Circuit Executive and Clerk of Court
United States Court of Appeals
 for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington, DC 20439

  Re: *Content Extraction & Transmission v. Wells Fargo*
    Appeal Nos. 13-1588, -1589, 14-1112, -1687
    Citation Of Supplemental Authority Pursuant To
    Fed. R. App. P. 28(j): *Alice Corp. v. CLS Bank Int'l,*
    No. 13-298 (U.S., June 19, 2014)

Dear Mr. O'Toole:

*Alice* holds that a "method of organizing human activity" is a patent-ineligible abstract idea, slip op. at 10, in contrast to "solv[ing] a technological problem," which is patent-eligible, *id.* at 12. This standard supports the district court's decision here, where the claims are directed to quintessential "organizing" activity: gathering information from a hard copy document; recognizing the information as corresponding to certain fields; and storing the information in corresponding fields in computer memory. (*See* Diebold Red Br. 41-43.)

*Alice* also reaffirms that merely using a "physical machine" to implement an abstract idea does not elevate a patent-ineligible abstract idea to a patent-eligible "application." Slip op. at 12 (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, slip op. at 16). Under *Alice*, a physical machine may render a claim patent-eligible if it "improve[s] an existing technological process." *Alice*, slip op. at 13 (citing *Diamond v. Diehr*, 450 U.S. 175 (1981)). But a physical

The Honorable Daniel E. O'Toole
Circuit Executive and Clerk of Court
July 7, 2014
Page 2

machine does not save a claim directed to an abstract concept if the claimed invention does not "purport to improve the functioning" of an otherwise "generic" machine performing generically, or if the claimed invention fails to "effect an improvement in any other technology or technical field." *Alice*, slip op. at 15.

*Alice* thus supports the district court's decision and Diebold's argument regarding the purely conventional "scanner" recited in certain of CET's claims. (*See* Diebold Red. Br. 33-37.) *Alice* also supports the district court's conclusion that the "computer" referenced in CET's claims — a general purpose computer, not "specially-configured" and with no special programming code or specific algorithm — adds nothing to the abstract nature of CET's claims. (*See* Diebold Red. Br. 37-39.)

Finally, *Alice* — which addressed 245 claims across four patents by analyzing one claim the parties agreed to be representative, *see Alice*, slip op. at 2 n.2 — supports the district court's decision to focus its analysis on two claims identified by appellee PNC as "representative," a representation which appellant CET never refuted. (*See* Diebold Red Br. 24-28.)

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff/Cross-Appellant
Diebold, Incorporated*

By: s/ Roy H. Wepner
Roy H. Wepner

The Honorable Daniel E. O'Toole
Circuit Executive and Clerk of Court
July 7, 2014
Page 3

        BAKOS & KRITZER
        *Attorneys for Defendants/Appellees*
        *The PNC Financial Services Group, Inc.*
        *and PNC Bank, N.A.*

By:   s/ Noam Kritzer
       Noam Kritzer


        KIRKPATRICK,TOWNSEND & STOCKTON LLP
        *Attorneys for Defendant/Appellee*
        *Wells Fargo Bank, N.A.*

By:   s/ Frederick Whitmer
       Frederick Whitmer


RHW/dg/def
cc:    Counsel of Record (via ECF)