# ZIMMERMAN & WEISER LLP
INTELLECTUAL PROPERTY ATTORNEYS
226 ST. PAUL STREET
WESTFIELD, NJ 07090
TEL: (908) 654-8000
FAX: (908) 654-7207

WRITER'S E-MAIL
jmz@iplcounsel.com

July 28, 2014

<u>VIA ECF</u>
Hon. Daniel E. O'Toole
Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re:   Content Extraction and Transmission LLC v. Wells Fargo
      Appeal Nos. 13-1588, -1589, 14-1112, -1687
      Response To Citation Of Supplemental Authority Pursuant
      To Fed. R. App. P. 28(j): *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d
      1335 (Fed. Cir. 2013) ("*Ultramercial II*")

Dear Mr. O'Toole:

Diebold, PNC, and Wells Fargo argue that *Ultramercial II* has no precedential value because the Supreme Court has vacated the *Ultramercial II* judgment. It appears that Diebold *et al*. say that the points of law for which CET cited *Ultramercial II* are now invalid.

In each instance where CET cited *Ultramercial II*, it cited that case for a proposition of law that is clearly established by other controlling precedents.

Point 1 of Diebold *et al*. appears to be that there is no longer a presumption of claim validity, no requirement of clear and convincing factual evidence to the contrary, and that claims can be readily invalidated on a Rule 12(b)(6) motion. Not so. *E.g.*, *Microsoft Corp. v. i4i Limited Partnership* (2011); *Dana Corp. v. Am. Axle & Mfg.*, 279 F.3d 1372, 1376 (Fed. Cir. 2002).

Points 2 and 3 of Diebold *et al*. are that the scope of preemption inquiry under section 101 does not involve historic facts regarding the field of the invention – *i.e.*, facts that identify the field of the invention, the available alternatives, the preemptive impact, and any genuine human contribution. Diebold *et al*. say that all these facts are irrelevant to the scope of preemption analysis. It is true that *Ultramercial II* was vacated. But the obvious, common-sense statements in that opinion are as true as ever. Indeed, Judge Lourie's concurrence in *Ultramercial II* explained that the preemption analysis involves evaluating the balance of the claim in search of limitations that narrow, confine, or otherwise tie down the claim so that the claim does not cover the full abstract idea. The meaning of these limitations would typically involve "historic facts." Judge Lourie cited the Supreme Court's *Mayo*, *Diehr*, and *Bilski* opinions, which are still good law. And in *Alice*, the Supreme Court has endorsed this approach.

Point 4 was that CET's position on the meaning of claim terms need not be accepted on the Rule 12(b)(6) motion. The law on this issue is well-settled: disputed material facts are viewed in the light most favorable to the complainant. *Albright v. Oliver*, 510 U.S. 266, 268 (1994).

Respectfully submitted,

/s/Jean-Marc Zimmerman

Jean-Marc Zimmerman

JMZ/bw
cc: counsel of record via ECF